## IN THE SUPERIOR COURT OF GUAM

FILED
SUPERIOR COURT
OF GUAM

CLERK OF COURT

| | |
|---|---|
| PORT AUTHORITY OF GUAM, | ) |
| Petitioner, | ) **SPECIAL PROCEEDINGS CASE** |
| | ) **NO. SP0121-13** |
| vs. | ) |
| | ) **DECISION AND ORDER** |
| CIVIL SERVICE COMMISSION, | ) |
| Respondent, | ) |
| and | ) |
| KEVIN SUSUICO, | ) |
| Real Party in Interest. | ) |

### INTRODUCTION

This matter came before the Honorable James L. Canto II on Petitioner Port Authority of Guam's Petition for Judicial Review, filed August 29, 2013. Oral arguments were heard on January 31, 2014. Attorney John R. B. Bell represented Petitioner, Attorney Sophia S. Diaz appeared on behalf of Respondent Civil Service Commission, and Attorney William B. Pole represented Real Party in Interest Kevin Susuico. Having considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order.

### BACKGROUND

On October 24, 2011, Petitioner Port Authority of Guam (hereinafter "Port Authority") hired Real Party in Interest Kevin Susuico (hereinafter "Susuico") as an Accountant II. On April 27, 2012, Susuico was given a permanent appointment as a classified employee as an Accountant II. (Notice of Results of Performance Evaluation Report, Apr. 27, 2012).

On May 10, 2012, the Port Authority requested Respondent Civil Service Commission (hereinafter "CSC") to conduct a Post-Audit investigation of the recruitment actions pertaining to certain employees, including Susuico. Pursuant to the Port Authority's request, on September 26, 2012, the CSC issued a Staff Investigation Report finding that Susuico did not

meet the minimum requirements for the Accountant II position because he did not submit a college transcript demonstrating that he possessed the equivalent number of accounting credits comparable to an accounting degree and the required 24 semester credit hours of accounting/auditing subjects required of the position/announcement. (Staff Investigation Report of Kevin Susuico 12-PA-09, 2, Sept. 26, 2012). The Port Authority acknowledged its deficiencies in the hiring process of Susuico in its memorandum to the CSC in response to the Staff Investigation Report. (Memorandum by Mary C. Torres, 1-2, Oct. 8, 2012). In addition, after the Staff Investigation Report was issued, the Port Authority requested from Susuico a copy of his transcript and confirmed that he did not possess the 24 semester credit hours of accounting/auditing subjects as required for the Accountant II position. *Id.* at 1.

At a meeting on October 18, 2012, the CSC accepted the determinations in the Staff Investigation Report and ordered the Port Authority to report in ninety (90) days how it intended to resolve the issues raised in the report. (CSC Dec. & Judg., 2, Jul. 30, 2013).[1]

On January 15, 2013, a meeting was held for further reporting on the issue raised at the October 16, 2012 meeting. With the Port Authority's acknowledgement that it would defer to the CSC, the CSC reaffirmed its determination that Notice of Personnel Action 17-12, Susuico's initial appointment as an Accountant II, was issued in violation of the Port Authority's Personnel Rules and thus, it was declared null and void. (CSC Dec. & Judg. "Review of Recruitment Actions" of Post Audit Case No. 12-PA-09, 2, Mar. 26, 2013).

On January 17, 2013, the Port Authority cancelled the personnel action appointing Susuico citing the Decision & Judgment rendered by the CSC on March 26, 2013. (CSC Dec. & Judg., 2, Jul. 30, 2013). A Notification of Personnel Action was issued to Susuico, where the CSC's ruling from the January 15, 2013 hearing was to become effective on January 23, 2013. (Notification of Personnel Action, Jan. 24, 2013). The General Manager of the Port Authority signed the document on January 25, 2013.

On February 11, 2013, Susuico filed an adverse action appeal to the CSC.

---

[1] The record suggests that the actual date of this meeting was on October 16, 2012. (Order After Hearing 1, Oct. 16, 2012).

On July 30, 2013, the CSC ordered that it had jurisdiction to hear Susuico's appeal and that Susuico's termination was a violation of the 60 day rule pursuant to 4 GCA § 4406. (CSC Dec. & Judg., 3-5, Jun. 30, 2013). For these reasons, the CSC ordered the Port Authority to reinstate Susuico to the position of Accountant II. *Id.* at 4-5.

On August 29, 2013, the Port Authority filed a Petition for Judicial Review appealing the CSC's decision to the Superior Court of Guam. The Port Authority argues that the CSC exceeded its statutory authority when it reinstated Susuico to the position of Accountant II. (Pet. Judicial Review, 8, Aug. 29, 2013). Because the CSC determined that Susuico's probationary appointment was null and void, the Port Authority contends that Susuico was not a classified employee entitled to an adverse action appeal before the CSC.[2] *Id.* at 8-9. Thus, the Port Authority claims that the CSC exceeded its statutory authority by finding jurisdiction to hear Susuico's appeal, accepting Susuico's appeal, and reinstating Susuico to a position for which the CSC found he was unqualified. *Id.* at 9-10.

On January 10, 2014, Susuico filed a reply to the petition. Susuico argues that (1) the decision of the CSC is in accordance with Guam law; (2) the CSC had sufficient evidence to find for Susuico; and (3) Susuico should receive attorney's fees for defending against this petition. (Reply Brief, 2-9, Jan. 10, 2014).

On January 13, 2014, the CSC filed an opposition to the petition. The CSC argues that it regularly pursued its authority when it found in favor of Susuico. (CSC's Opp'n, 3, Jan. 13, 2014). Specifically, the CSC contends that it properly determined it maintained jurisdiction over Susuico's appeal and that the adverse action issued against Susuico was in violation of the "Sixty Day Rule" under 4 GCA § 4406. *Id.* at 4-6.

On January 27, 2014, the Port Authority filed a reply to Susuico and CSC's submissions. The Port Authority maintains that the CSC's judgment is void *ab initio* because: (1) Susuico did not compete for his position as required at the time of hiring, as CSC's enabling statute required; (2) the CSC nullified and voided Susuico's employment; (3) Susuico did not timely

---

[2] Although the Port Authority claims that the CSC determined that Susuico's probationary appointment was null and void, the Court recognizes that Susuico was anointed as a classified employee before the CSC's investigation.

appeal within twenty (20) days in violation of CSC Rules of Procedure for Adverse Action Appeals Rule 5.2; (4) the Port Authority took no adverse action against Susuico; and (5) Susuico was never made a permanent classified employee with appeal rights. (Reply, 4-10, Jan. 27, 2014).

**DISCUSSION**

## I.    Petition for Judicial Review

Under Guam law, "the law establishing the CSC governs appeals to the CSC from adverse actions and provides for judicial review of the CSC decisions." *Carlson v. Perez*, 2007 Guam 6 ¶ 60 (*citing* 4 GCA §§ 4105(b), 4403(b), and 4406 (2005)). "[T]he proper way for classified employees of the government of Guam or any of its instrumentalities, corporations or agencies to utilize the right of judicial review of CSC decisions is by filing a Petition for Judicial Review." *Id.* at ¶ 65 (internal quotation marks omitted); *see* 7 GCA § 7117. Although 4 GCA § 4406 is silent as to the procedures for obtaining judicial review, there is a judicially-created limitations period where a CSC decision must be appealed within 30 days. *Dep't of Agric. v. Civil Serv. Comm'n*, 2009 Guam 19 ¶ 13 (*citing Carlson*, 2007 Guam 6 ¶ 61).

## II.    Standard of Review

Pursuant to 4 GCA § 4406, this Court has jurisdiction over the review of a final decision of the CSC.[3] However, the statute, as well as the CSC Rules of Procedure for Adverse Action Appeals, is silent as to the procedures and the applicable standard of review for a Petition for Judicial Review.[4] When a court with jurisdiction over a controversy is without guidance from legal precedent, statutory authority or agency law, Guam law provides as follows:

> When jurisdiction is by law conferred on a court or judicial officer, all the means necessary to carry it into effect are also given; and in the exercise of this jurisdiction, if the course of the proceeding be not specifically pointed out by law or by rules of procedure adopted by the Supreme Court, any suitable process or

---

[3] Title 4 Chapter 4 Section 4406 of the Guam Code Annotated provides, in relevant part: "The decision of the Commission or appropriate entity shall be final, but subject to judicial review." 4 GCA § 4406 (2010).

[4] Rule 11.7.8 of the of the CSC Rules of Procedure for Adverse Action Appeals provides: "Judicial review of judgment of the CSC may be had by filing appropriate pleadings with the Superior Court of Guam within thirty (30) days after judgment is entered." CSC AA R.11.7.8 (2010). However, the meaning of "appropriate pleadings" is left unexplained in the rules.

mode of proceedings may be adopted which may appear most conformable to the spirit of this Title.

7 GCA § 7117 (2005).

The Supreme Court of Guam has acknowledged that a court has the power to articulate procedures in judicial review cases where statute and agency laws are silent. *Carlson*, 2007 Guam 6 ¶ 62. Therefore, this Court is required to adopt a suitable procedure for review in this case.

This Court finds, as have previous cases before the Superior Court of Guam, that the applicable procedures in this case are set forth under Article 1 of 7 GCA Chapter 31. Title 7 GCA §31102 directs that this Court may grant a writ of review when an inferior, quasi-judicial tribunal has exceeded its jurisdiction and where there is no right to appeal or other plain, speedy or adequate remedy available. Title 4 GCA §§ 4403, 4404, 4405 & 4406 bestow duties and powers to the CSC that clearly qualify it as an inferior, quasi-judicial tribunal as referred to in 7 GCA § 31102. Accordingly, given the absence of any explicit procedures for how this Court is to address a Petition for Judicial Review of a CSC decision, the Court finds the general writ review statutes of 7 GCA §31101, *et seq*. to be the appropriate vehicle and the Court will apply those statutes to this case. Horizontal courts have reasoned similarly.[5]

Therefore, this Court will adopt the following standard: "The review upon this writ cannot be extended further than to determine whether the inferior tribunal, board, or officer has regularly pursued the authority of such tribunal, board, or officer." 7 GCA § 31108 (2005). Upon review, a court may affirm, annul, or modify the proceedings. 7 GCA § 31109 (2005).

## III.    The CSC's Jurisdiction

The Port Authority argues that the CSC did not have jurisdiction to hear Susuico's appeal under 4 GCA § 4403(b) because he was not hired in accordance with the competitive hiring procedures as required by the government's personnel rules existing at the time of his hiring. (Reply, 4-6, Jan. 27, 2014). In support of its contention, the Port Authority directs the

---

[5] *See Volta v. Guam Civil Service Commission*, SP0075-11, at 7-8 (Super.Ct.Guam Apr. 12, 2013); *Murer v. Civil Service Commission*, SP01501-10, at 3 (Super.Ct.Guam Jul. 10, 2013).

Court's attention to the CSC's determination on October 16, 2012 that Susuico's hiring was in violation of the Port Authority's personnel rules, which was reaffirmed at the January 15, 2013 CSC meeting. (CSC Dec. & Judg., 2, Mar. 26, 2013). The CSC argues that Susuico's Notification of Personnel Action states that he was selected from a certification of eligibles, which is evidence that Susuico did compete for the position. (Opp'n by CSC, 4-5, Jan. 13, 2014). Therefore, the CSC contends that it maintained jurisdiction to hear Susuico's appeal. *Id.*

Under Guam law, the CSC's jurisdiction only extends over persons in classified positions. *Attorney Gen. of Guam v. Perez*, 2008 Guam 16 ¶ 5. Furthermore, the CSC "may not hear any appeal of an action taken to suspend, demote or dismiss an employee of the government of Guam who has not been hired through the competitive hiring procedures of the personnel rules of the government of Guam, as such personnel rules required at the time of the hiring of the employee, nor any unclassified employee." 4 GCA § 4403(b) (2010). Therefore, if Susuico was not hired through the competitive hiring procedures of the personnel rules of the Port Authority, the CSC is without jurisdiction to hear Susuico's adverse action appeal. *Id.*

In this case, the CSC accepted the findings from the Staff Investigation Report. The report found that Susuico did not qualify for the position of Accountant II because he failed to demonstrate that he possessed the equivalent number of accounting credits comparable to an accounting degree and the required 24 semester credit hours of accounting/auditing subjects necessary for the position. (CSC Dec. & Judg., 1, Mar. 26, 2013); (Staff Investigation Report of Kevin Susuico 12-PA-09, 2, Sept. 26, 2012). The CSC, in its own determination from its investigation, found that Susuico's hiring was null and void for the failure to conform to the Port Authority's personnel rules. (CSC Dec. & Judg., 1, Mar. 26, 2013). This decision was reaffirmed by the CSC on January 15, 2013, and before Susuico filed an adverse action appeal to the CSC. *Id.* Such determination was within the CSC's authority under 4 GCA § 4403(d), and this Court is in no position to disrupt the CSC's findings.[6]

---

[6] Title 4 Chapter 4 Section 4403(d) of the Guam Code Annotated provides, in relevant part, as follows: "The Commission may investigate and set aside and declare null and void any personnel action of an employee in the classified service if the Commission finds after conducting the necessary investigation that the personnel action was taken in violation of personnel laws or rules...." 4 GCA § 4403(d) (2010).

Deferring to the CSC's determination that Susuico's hiring did not conform to the Port Authority's personnel rules and the CSC's voiding of Susuico's hiring, the Court finds that such determination necessitated a finding by the CSC that Susuico was not hired through the competitive hiring procedures of the personnel rules of the Port Authority. To hold otherwise would undermine the statutory authority vested in the CSC to declare null and void personnel actions that did not conform to proper personnel rules, and run afoul with its investigatory powers under 4 GCA § 4403(b). The CSC's voiding of Susuico's hiring entails that Susuico was not hired through the proper methodology. An individual who has been hired in a defective manner cannot be said to have been hired through the competitive hiring procedures of the personnel rules of the Port Authority, especially in light of the fact that the hiring itself was voided.

Because Susuico was not hired through the competitive hiring procedures of the personnel rules of the Port Authority, the CSC exceeded its statutory authority by hearing Susuico's adverse action appeal when it lacked jurisdiction to do so. 4 GCA § 4403 (b) (2010). Accordingly, the CSC erred in reviewing Susuico's appeal.

///

///

///

**CONCLUSION**

Based upon the foregoing, the Port Authority's Petition for Judicial Review is hereby GRANTED. The Court hereby vacates the CSC's Decisions and Judgment in Adverse Action Appeal Case No. 13-AA08T ordered on July 30, 2013 for lack of jurisdiction.

**SO ORDERED** this _16TH_ day of **May, 2014.**

**HON. JAMES L. CANTO II**
**Judge, Superior Court of Guam**